UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80154-CIV-MARRA

DAVID E. STONE, KARI S. CARROLL
as surviving spouse of THOMAS CARROLL
and DAVID C. DEPADRO,

Plaintiffs,

vs.

COMMISSIONER OF INTERNAL
REVENUE SERVICE,

Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This cause is before the Court upon Defendant's Motion to Dismiss (DE 10). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

On January 31, 2022, Plaintiffs David E. Stone, Kari S. Carroll, as surviving spouse of Thomas Carroll, and David C. Depadro (collectively, "Plaintiffs") filed a Complaint (DE 1) against the United States of America on behalf of the Commissioner of Internal Revenue ("Defendant") seeking judicial review of a decision by the Internal Revenue Service ("IRS") not to pursue judicial or administrative proceedings based on their whistleblower information and the denial of their whistleblower claims. Plaintiffs bring their claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 to set aside the IRS's denial of their whistleblower

claims, remand the claims to the IRS for further review, require the IRS to award Plaintiffs any whistleblower awards due, and award Plaintiffs reasonable attorney's fees and costs.

According to Complaint, Plaintiffs Carroll and Stone filed their whistleblower claims with the IRS in March of 2011. (Compl. ¶ 24A, Ex. A.)  The claims concerned alleged tax avoidance based on multiple mortgage lenders' failure to qualify as real estate mortgage investment conduits (REMICs). Id.  On February 1, 2016, the IRS denied their claims because no administrative or judicial action was taken based on the information they provided. (Compl. ¶ 24H, Ex. F.)  On February 26, 2016, Carroll and Stone sought a review of this denial in the United States Tax Court. (Compl. ¶ 24I, Ex. G.)  The Tax Court granted the IRS's motion for summary judgment and found that Carroll and Stone were not entitled to whistleblower awards. (Compl. ¶ 24J, Exh. H.)

In March of 2021, a group of individuals, including Carroll, Stone and Depadro filed whistleblower claims with the IRS. (Compl. ¶25A, Ex. I.)  The claims concerned Deutsche Bank's alleged tax avoidance by its failure to "properly qualify as a real estate [mortgage] investment conduit (REMIC)." Id.  On April 27, 2016, the IRS denied their claims because no administrative or judicial action was taken on the information provided. (Compl. ¶ 25D, Ex. L.) In August of 2016, Stone and Depadro challenged the IRS's decision in United States Tax Court. (Compl. ¶ 25E, Ex. L.)  The Tax Court granted the IRS's motion to dismiss for failure to state a claim upon which relief can be granted and found that Stone and Depadro were not entitled to whistleblower awards. (Ex. M to Compl.)  The Tax Court determined that, because the IRS did not act based on the information Stone and Depadro provided, and no tax proceeds were collected based on the information, the prerequisites for a whistleblower claim were not met. Id.

Defendant moves to dismiss the Complaint. Defendant contends that the United States has not waived its sovereign immunity for challenges to whistleblower claims in federal district court. With respect to the APA, Defendant states that the APA does not allow for judicial review of an agency action where there is another adequate remedy at law and does not allow for waiver for review of actions that Congress has committed to agency discretion. Defendant also argues that res judicata bars the suit because a prior court has already ruled on the same claims by the same parties.[1]

Plaintiffs respond that res judicata does not apply because the same cause of action is not involved because each Plaintiff has a set of claims against the IRS premised on a different set of facts. Plaintiffs also claim that they are seeking a different remedy here; namely, that the agency's actions were arbitrary and capricious, which is different from the remedy sought from the IRS and Tax Court. With respect to sovereign immunity, Plaintiffs rely on section 702 of the APA and state that sovereign immunity does not apply because Plaintiffs are not seeking money damages.

In reply, Defendant points out that, although Plaintiffs attempt to characterize their claim as an APA challenge of IRS policy on REMICs, the Complaint clearly states that they are seeking review of the IRS's denial of their whistleblower notices under the APA. With respect to sovereign immunity, Defendant asserts that Plaintiffs did not respond to its arguments for dismissal on this basis, and instead just cited section 702 of the APA. Next, Defendant states that Plaintiffs improperly requested leave to amend the Complaint in the response to the motion to dismiss, as opposed to filing a motion seeking that relief. Lastly, Defendant contends that leave to amend should not be granted because it would be futile.

---

[1] Defendant had moved to dismiss for insufficient service of process, but that motion is mooted by Defendant's agreement to allow Plaintiff an extension of time to perfect service. (DE 21, 22, 23.)

II. Legal Standard

Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(1) and 12(b)(6). With respect to the motion to dismiss pursuant to Rule 12(b)(1),[2] as the Eleventh Circuit explained in Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir.1990):

> Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms. "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."

Id. Here, the Defendant's attack is facial in nature; so, as with a motion to dismiss pursuant to 12(b)(6), the allegations in the Complaint are taken as true.

With respect to a motion to dismiss pursuant to 12(b)(6), Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.

---

[2] "[A] dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists." Thomas v. U.S. Postal Service, 364 F. Appx. 600, 601 n.3 (11th Cir. 2010).

4

Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.

III. Discussion

"The tax whistleblower program was established to reward individuals who inform on taxpayers engaged in tax fraud. The primary purpose of this program is to reduce the tax gap and adequately motivate whistleblowers to disclose information." Sharon Kaur, Tax Tattletales Hit the Jackpot: Now What?, 32 Hastings Women's L.J. 89, 94 (2021).

The tax whistleblower statute, 26 U.S.C. § 7623, provides in pertinent part:

a) **In general**.--The Secretary, under regulations prescribed by the Secretary, is authorized to pay such sums as he deems necessary for—

(1) detecting underpayments of tax, or

(2) detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws or conniving at the same, in cases where such expenses are not otherwise provided for by law. Any amount payable under the preceding sentence shall be paid from the proceeds of amounts collected by reason of the information provided, and any amount so collected shall be available for such payments.

(b) **Awards to whistleblowers**.—

(1) In general.--If the Secretary proceeds with any administrative or judicial action described in subsection (a) based on information brought to the Secretary's attention by an individual, such individual shall, subject to paragraph (2), receive as an award at least 15 percent but not more than 30 percent of the proceeds collected as a result of the action (including any related actions) or from any settlement in response to such action (determined without regard to whether such proceeds are available to the Secretary). The determination of the amount of such

> award by the Whistleblower Office shall depend upon the extent to which the individual substantially contributed to such action.
>
> (2) **Award in case of less substantial contribution**.—
>
> (A) **In general**.--In the event the action described in paragraph (1) is one which the Whistleblower Office determines to be based principally on disclosures of specific allegations (other than information provided by the individual described in paragraph (1)) resulting from a judicial or administrative hearing, from a governmental report, hearing, audit, or investigation, or from the news media, the Whistleblower Office may award such sums as it considers appropriate, but in no case more than 10 percent of the proceeds collected as a result of the action (including any related actions) or from any settlement in response to such action (determined without regard to whether such proceeds are available to the Secretary), taking into account the significance of the individual's information and the role of such individual and any legal representative of such individual in contributing to such action.
> . . . .
>
> (4) **Appeal of award determination**.--Any determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).

Id.

The Court must address first Defendant's sovereign immunity argument, as it relates to this Court's subject matter jurisdiction.  See Omnipol, A.S. v. Multinational Def. Servs., LLC, No. 19-14597, 2022 WL 1311596, at *4 (11th Cir. May 3, 2022) (affirming district court for dismissing claims for lack of subject matter jurisdiction when claims are barred by sovereign immunity); Govern v. Meese, 811 F.2d 1405, 1408 (11th Cir. 1987) (when suit is barred by sovereign immunity, federal courts do not have subject matter to settle the dispute).

The United States has sovereign immunity from lawsuits unless Congress explicitly waives that immunity. Lehman v. Nakshian, 453 U.S. 156, 160–61 (1981) ("the United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.") (internal quotation marks

and ellipses omitted); Lane v. Pena, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text").  A waiver of sovereign immunity must be strictly construed, in terms of scope, in favor of the sovereign. Lane, 518 at 192. "If sovereign immunity applies, a court lacks subject matter jurisdiction to consider a claim." Foster Logging, Inc. v. United States, 973 F.3d 1152, 1157 n.3 (11th Cir. 2020) (citing Zelaya v. United States, 781 F.3d 1315, 1322 (11th Cir. 2015)).

> The APA's sovereign immunity waiver provides in relevant part:
>
> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States[.]

5 U.S.C. § 702.

The APA provides for judicial review of a final agency action "for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  "An adequate remedy does not mean identical relief or even that relief is possible for a particular plaintiff."  Montgomery v. Internal Revenue Serv., 330 F. Supp. 3d 161, 172 (D.D.C. 2018).  "[A]n alternative remedy is 'adequate' . . . [when there is] 'legislative intent' to create a special, alternative remedy and thereby bar APA review." Citizens for Resp. & Ethics in Washington v. United States Dep't of Just., 846 F.3d 1235, 1244 (D.C. Cir. 2017); Rollerson v. Brazos River Harbor Navigation Dist. of Brazoria Cty. Texas, 6 F.4th 633, 642 (5th Cir. 2021) (same). Congress did not intend for the APA to duplicate existing procedures for review of agency action. Bowen v. Massachusetts, 487 U.S. 879, 903 (1988).

Significantly, the Tax Court has exclusive jurisdiction over section 7623(b)(3).  See Li v. Comm'r of Internal Revenue, 22 F.4th 1014, 1017 (D.C. Cir. 2022) ("Subsection (b)(4) of § 7623 gives the Tax Court exclusive jurisdiction over only a "determination regarding an award" under subsections (b)(1)-(3)."); Meidinger, 989 F.3d at 1358 ("the Tax Court has exclusive jurisdiction over claims based on § 7623").  Further, the United States Courts of Appeals have exclusive jurisdiction to review the decisions of the Tax Court.  26 U.S.C. § 7482(a); see Meidinger v. Comm'r of Internal Revenue, 662 F. App'x 774, 775 (11th Cir. 2016) ("The claimant may appeal the Tax Court's decision to the applicable United States Circuit Court of Appeals, not the district court.")  Thus, there is no right to appeal to this Court.  The question then becomes whether the APA allows for a judicial review of an agency action.

In Norvell v. Sec'y of Treasury, the district court of Iowa determined that section 7623 provides an adequate remedy that bars APA review.  In doing so, it pointed out that the plaintiff was provided a review of his claim in a court of competent jurisdiction.  Norvell v. Sec'y of Treasury, No. 1:18-CV-251-BLW, 2019 WL 96218, at *3 (D. Idaho Jan. 3, 2019), aff'd sub nom. Norvell v. Sec'y of the Treasury, 821 F. App'x 853 (9th Cir. 2020); see also Citizens for Responsibility, 846 F.3d at 1245 (finding that the Freedom of Information Act provided an adequate remedy to compel the government agency to meet its disclosure requirements, noting "no yawning gap between the relief FOIA affords and the relief [sought] under the APA.")  In fact, the Norvell court, relied upon the Eleventh Circuit case of Medinger supra, in noting that "other federal courts have consistently dismissed attempts to challenge IRS inaction under § 7623 for lack of jurisdiction." Norvell, 2019 WL 96218 at * 3 (citing Medinger, 662 F. App'x at 776).  Thus, the Court finds that section 7623 provides an adequate remedy that bars APA review as it

permits Plaintiffs to seek review in Tax Court, of which Plaintiffs availed themselves. As such, the Complaint is dismissed for lack of subject matter jurisdiction.[3]

Although the Court is dismissing this case for lack of subject jurisdiction, the Court will nonetheless address Defendant's argument that this case should be dismissed for failure to state a claim on the basis of res judicata. Before discussing the elements of res judicata, the Court first observes that res judicata is an affirmative defense that should be raised under Rule 8(c), rather than Rule 12(b). Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982). A party, however, may raise the defense on a motion to dismiss "where the defense's existence can be judged on the face of the complaint." Id. Here, the Complaint thoroughly discusses the parties, past cases and includes attached copies of relevant decisions. Harrell v. Bank of Am., N.A., 813 F. App'x 397, 402 (11th Cir. 2020) ("It was proper for the defendants to raise the defense of res judicata in their motions to dismiss because its applicability was apparent from the face of the. . . complaint and the documents the district court was allowed to consider.") Furthermore, Plaintiffs do not raise any objections to addressing the res judicata defense at this stage in the proceedings.

To prevail on this defense, Defendant must establish that: "1) the prior judgment must have been a final judgment on the merits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." Batchelor-Robjohns v. United States, 788 F.3d 1280, 1285 (11th Cir. 2015). With respect to the first three

---

[3] Plaintiffs' only argument regarding subject matter jurisdiction is that sovereign immunity is waived under 5 U.S.C. § 702. Significantly, Plaintiffs do not discuss any of Defendant's arguments or provide the Court with any caselaw in support of its position. Instead, Plaintiffs ask to amend the Complaint to make clear that it is seeking to set aside the IRS's prior denials of Plaintiffs' whistleblower claims. (Resp. at 3.) It is, however, improper to make this request in response to a motion to dismiss instead of filing a motion requesting leave to amend. Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) (affirming the denial of a motion to amend when the plaintiff did not file a motion to amend with a copy of the amendment or the substance of the amendment but moved to amend in a brief opposing the motion to dismiss). In any event, as the next section will discuss, any amendment to the Complaint would be futile.

elements, Plaintiffs do not dispute that Defendant has met these requirements. Plaintiffs only object on the ground that the same cause of action is not involved. Nonetheless, for the purposes of a complete record, the Court will briefly address the elements that are not in dispute.

First, the Court concludes that the two Tax Court decisions, one granting summary judgment for the IRS and the other granting the IRS's motion to dismiss,[4] and which found that Plaintiffs were not entitled to whistleblower awards, are final judgments. See Solis v. Glob. Acceptance Credit Co., L.P., 601 F. App'x 767, 771 (11th Cir. 2015) (dismissal of the complaint for failure to state a claim operated as a final judgment on the merits for res judicata purposes); Bazile v. Lucent Techs., 403 F. Supp. 2d 1174, 1181 (S.D. Fla. 2005) ("A judgment rendered upon a motion for summary judgment is a final judgment on the merits and is entitled to the full preclusive effect of any final judgment.') (citing Exhibitors Poster Exchange, Inc. v. National Screen Service Corp., 517 F.2d 110 (5th Cir.1975)).[5]

Second, the Tax Court had jurisdiction over Plaintiffs' claims. See 26 U.S.C. § 7623(b)(4) ("Any determination regarding an award . . . may . . . be appealed to the Tax Court and the Tax Court shall have jurisdiction with respect to such matter."); Meidinger v. United States, 989 F.3d 1353, 1358 (Fed. Cir.), cert. denied, 142 S. Ct. 104 (2021), reh'g denied, 142 S. Ct. 634 (2021) (holding that the Tax Court has exclusive jurisdiction over claims based on § 7623).

---

[4] Exs. H and M, attached to the Compl.

[5] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Third, the parties in the Tax Court case are the same, except that Kari Carroll is appearing as a representative of her deceased husband Thomas Carroll, one of the original Tax Court claimants. But Kari Carroll is in privity with her deceased husband, Thomas Carroll, and that is sufficient to establish identity of the parties. See Gonzalez v. Fed. Nat'l Mortg. Ass'n, 860 F. App'x 693, 694 n.3 (11th Cir. 2021) (quoting Stogniew v. McQueen, 656 So. 2d 917, 920 (Fla. 1995)) ("For one to be in privity with one who is a party to a lawsuit one must have an interest in the action such that she will be bound by the final judgment as if she were a party.") (ellipses omitted).

The last requirement is satisfied if the prior judgment is based on the same facts alleged here. As discussed by the Eleventh Circuit in Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1239 (11th Cir. 1999):

> The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same claim or cause of action for purposes of res judicata.

Id. (citations, quotation marks and parentheticals omitted).

Both cases, the ones filed in Tax Court and the instant case, seek the same relief; namely, an order that the IRS must investigate the information provided by Plaintiffs and provide monetary awards for information provided to the IRS. Moreover, the cases also dispute the IRS's decision not to act on the whistleblower tips. Plaintiffs, however, state that "each Plaintiff had a set of claims against the IRS that were premised on a *different* set of facts." (Resp. at 2) (emphasis in original). Plaintiffs do not expand on this argument or highlight these different facts. Rather, Plaintiffs state that "each Plaintiff is seeking this Court's review of the IRS's failure to engage in

11

reasoned decision-making and thus, a cause of action under the APA is the proper avenue upon which Plaintiffs must travel." (Resp. at 2.) In essence, this argument contends not that there are factual differences between the Tax Court cases and the instant case, but that the legal claims differ. This runs contrary to Eleventh Circuit precedent which places the focus on the factual predicate of the former action when determining whether res judicata applies. See Batchelor-Robjohns, 788 F.3d at 1286 ("even if the rights and duties at issue are distinct, where a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, the two cases constitute the same claim or cause of action for purposes of res judicata.").[6]

For the foregoing reasons, the Court dismisses the Complaint for lack of subject matter jurisdiction and, alternatively, for failure to state a claim upon which relief can be granted. The Court also finds that any amendment would be futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 10) is **GRANTED**. The case is dismissed without prejudice for lack of subject matter jurisdiction. Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (dismissal for lack of subject matter jurisdiction is entered without

---

[6] Collateral estoppel would also bar this claim. Collateral estoppel "forecloses relitigation of an issue of fact or law that has been litigated and decided in a prior suit." Islam v. Secretary, Department of Homeland Security, 997 F.3d 1333, 1341 (2021) (quoting CSX Transp., Inc. v. Brotherhood of Maint. of Way Emps., 327 F.3d 1309, 1317 (11th Cir. 2003)). "[T]he relevant issue must be identical to the one involved in the prior proceeding, (2) the issue must have been actually litigated in the prior proceeding, (3) the determination of the issue must have been a critical and necessary part of the judgment in the prior proceeding, and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding." Id. Here, the Tax Court determined that Plaintiffs were not entitled to whistleblower awards.

prejudice). Alternatively, the case is dismissed with prejudice for failure to state a claim upon which relief can be granted.

The Court will separately issue a judgment.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of June, 2022.

KENNETH A. MARRA
United States District Judge